BORIS FELDMAN, State Bar No. 128838
Email: boris.feldman@wsgr.com
CYNTHIA A. DY, State Bar No. 172761
Email: cdy@wsgr.com
MICHAEL R. PETROCELLI, State Bar No. 269460
Email: mpetrocelli@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

*Attorneys for Defendant*
*NantHealth, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCKS COUNTY EMPLOYEES RETIREMENT FUND, Individually and on behalf of all others similarly situated, | Case No. |
| | **CLASS ACTION** |
| Plaintiff, | **NOTICE OF REMOVAL OF STATE COURT ACTION** |
| vs. | |
| NANTHEALTH, INC., PATRICK SOON-SHIONG, PAUL A. HOLT, MICHAEL S. SITRICK, KIRK K. CALHOUN, MARK BURNETT, EDWARD MILLER, MICHAEL BLASZYK, JEFFRIES LLC, COWEN AND COMPANY, LLC, FIRST ANALYSIS SECURITIES CORPORATION, CANACCORD GENUITY INC., and FBR CAPITAL MARKETS & CO., | |
| Defendants. | |

NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and 15 U.S.C. § 77v(a), defendant NantHealth, Inc. ("NantHealth") hereby removes to this Court the state court action described below:

## Background

1. On May 22, 2017, Plaintiff Bucks County Employees Retirement Fund filed this civil action in the Superior Court of California, County of Los Angeles, captioned *Bucks County Employees Retirement Fund v. NantHealth, Inc.*, *et al.*, No. BC662330 (the "State Court Action"). On the same date, NantHealth, by and through its counsel, became aware of and obtained a copy of the Complaint. A copy of the Complaint and the related Civil Cover Sheet is attached as Exhibit A.

2. NantHealth has not pleaded, answered, or otherwise appeared in the State Court Action.

## Procedural Requirements

3. Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days of receipt by NantHealth of a copy of the Complaint.

4. Pursuant to 28 U.S.C. § 1446(d), NantHealth will promptly serve a copy of this Notice on counsel for Plaintiff and will file a copy of this Notice with the Clerk of the Superior Court of the State of California, County of Los Angeles.

## Basis for Removal and Jurisdiction

5. This action is removable under 28 U.S.C. § 1441(a) because the Complaint alleges claims that arise solely under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l(a)(2), and 77o. Complaint ("Compl.") ¶ 6.

6. Section 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The Superior Court of California, County of Los Angeles, is located within this District. Accordingly, venue in this Court is proper under 28 U.S.C. § 1441(a).

7. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, because a claim under the Securities Act of 1933 "aris[es] under the Constitution, laws, or treaties of the United States." Accordingly, this civil action is removable under Section 1441(a).

8. Moreover, the state court lacks concurrent jurisdiction over this case. The issue of whether state courts have jurisdiction over covered class actions asserting Securities Act claims is the subject of a certiorari petition to the United States Supreme Court in *Cyan, Inc. v. Beaver County Employees Retirement Fund*, No. 15-1439 (U.S. May 24, 2016) ("*Cyan*"). In *Cyan*, on May 23, 2016, the Acting Solicitor General of the United States filed a brief with the United States Supreme Court (the "Solicitor General's Brief") stating that "In the view of the United States, the petition for a writ of certiorari should be granted." Brief for the United States as Amicus Curiae at 1, *Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund*, No. 15-1439 (U.S. May 23, 2017).

9. A number of District Courts have held that state courts lack jurisdiction in cases alleging class claims involving covered securities for violations of the Securities Act of 1933. *E.g.*, *Hung v. iDreamSky Tech. Ltd.*, Nos. 15-CV-2514 (JPO), 15-CV-2944 (JPO), 15-CV-3484 (JPO), 15-CV-3794 (JPO), 2016 U.S. Dist. LEXIS 8389 (S.D.N.Y. Jan. 25, 2016); *Iron Workers Dist. Council of New Eng. Pension Fund v. Moneygram Int'l, Inc.*, 204 F. Supp. 3d 784 (D. Del. 2016); *Gaynor v. Miller*, 205 F. Supp. 3d 935 (E.D. Tenn. 2016).

10. Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), contains the jurisdictional provision for claims brought pursuant to that Act. That jurisdictional provision provides:

> The district courts of the United States . . . shall have jurisdiction of offenses and violations under [the Securities Act] and, concurrent with State and Territorial courts, *except as provided in [Section 16] with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by [the Securities Act].

*Id.* (emphasis added). Thus, state courts have concurrent jurisdiction over claims arising under the Securities Act *except* as to "covered class actions," as defined in Section 16 of the Securities Act.

11. Section 16 of the Securities Act in turn defines a "covered class action" as follows:

> [A]ny single lawsuit in which . . . damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or . . . one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members . . . .

15 U.S.C. § 77p(f)(2)(A)(i)(I)-(II).

12. This case unquestionably is a "covered class action" as defined by Section 16 of the Securities Act. First, Plaintiff seeks to recover damages on behalf of it and others similarly situated in the proposed class and "believes that there are hundreds of members in the proposed Class." Compl. ¶¶ 34-35. Second,

Plaintiff asserts that "[c]ommon questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class." *Id.* ¶ 38. Thus, this case is a "covered class action" as defined in Section 16 of the Securities Act. Under the jurisdictional provision of Section 22(a), the state court accordingly lacks jurisdiction over this action.

13. In addition, Section 16(c) of the Securities Act, 15 U.S.C. § 77p(c), provides an independent and alternative ground for removal of this action. Section 16(c) provides:

> Any covered class action brought in any State court involving a *covered security*, as set forth in subsection (b), *shall be removable* to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. § 77p(c) (emphasis added).

14. The removability of this action under Section 16(c) is supported by the Solicitor General's Brief, which argues that "Section 77p(c) Authorizes Removal To Federal Court of Covered Class Actions That Are Brought Under The 1933 Act And Allege The Types of Misconduct That Are Described In Section 77p(b)." Brief for the United States as Amicus Curiae at 13. This case is a covered class action. *Supra* ¶ 12. It is "brought under the 1933 Act." Compl. ¶ 6. It alleges "an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security," which is one of the "types of misconduct that are described in section 77p(b)." Brief for the United States as Amicus Curiae at 13; 15 U.S.C. § 77p(b); Compl. ¶ 25. Therefore, Congress authorized "removal under Section 77p(c)." Brief for the United States as Amicus Curiae at 14.

15. This conclusion is consistent with the Solicitor General's Brief, which states that construing Section 16(c) as authorizing removal of Securities Act covered class actions "is more faithful to SLUSA's overall structure and purpose than is an interpretation that limits removal to state-law claims." Brief for the

United States as Amicus Curiae at 16-17. SLUSA is the Securities Litigation Uniform Standards Act of 1998, Pub. L. No. 105-353, 112 Stat. 3227, which amended the Securities Act to add, *inter alia*, Sections 16(b) and 16(c).

16. Finally, for two reasons, removal of this action is not barred by the Securities Act's anti-removal provision, which provides:

> *Except as provided in [Section 16(c)] of this title*, no case arising under [the Securities Act] and brought in any State court of *competent jurisdiction* shall be removed to any court of the United States.

15 U.S.C. § 77v(a) (emphasis added).

17. First, the state court lacks jurisdiction over this class action. *Supra* ¶¶ 8-12. Therefore, the state court is not a court of "competent jurisdiction" for purposes of the anti-removal provision. *Supra* ¶ 9 (citing cases). As a result, the anti-removal provision is not applicable to this action and does not bar removal.

18. Second, the anti-removal provision's exception, which references Section 16(c), independently renders the anti-removal provision inapplicable to this action. As shown above, this case is a "covered class action." *Supra* ¶ 12. Nor can there be any dispute that the NantHealth, Inc. securities at issue are "covered securities" because they are traded on NASDAQ, a national securities exchange. 15 U.S.C. § 77r(b)(1). Thus, this case is removable under Section 16(c), *supra* ¶¶ 13-15, and consequently is not subject to the anti-removal provision.

Dated: May 26, 2017

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ *Boris Feldman*
      Boris Feldman

*Attorneys for Defendant NantHealth, Inc.*