UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03964-SVW-SS | Date | August 17, 2017 |
|---|---|---|---|
| Title | *Bucks County Employees Retirement Fund v. Nanthealth, Inc. et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING MOTION TO REMAND [17]

    Plaintiff Bucks Country Employees Retirement Fund ("Plaintiff") brings a securities class action against Nanthealth, Inc., Patrick Soon-Shiong, Paul A. Holt, Michael S. Sitrick, Kirk K. Calhoun, Mark Burnett, Edward Miller, Michael Blaszyk, Jefferies LLC, Cowen and Company, LLC, First Analysis Securities Corporation, Canaccord Genuity Inc., and FBR Capital Markets & Co. (collectively, "Defendants"). Dkt. 1¶¶ 1, 11. The Plaintiff has filed a motion to remand the case to Los Angeles Superior Court, arguing that Defendants' removal of this case was barred by the Securities Act of 1933.

    The Court finds this matter suitable for determination without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing scheduled for August 21, 2017 at 1:30 p.m. is VACATED and OFF CALENDAR. Having considered the submissions of the parties and the relevant law, the Court hereby GRANTS Plaintiff's motion to remand.

    I.   **Legal Standard**

    A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic*

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03964-SVW-SS | Date | August 17, 2017 |
|---|---|---|---|
| Title | Bucks County Employees Retirement Fund v. Nanthealth, Inc. et al | | |

*Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

"The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). This "strong presumption against removal jurisdiction" means that a defendant ordinarily "has the burden of establishing that removal is proper." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "However, a plaintiff seeking remand has the burden to prove that an express exception to removal exists." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

II.     **Statutory Framework**

A civil action that originally could have been brought in federal court may be removed from state court to federal court, "[e]xcept as otherwise expressly provided by Act of Congress." 28 U.S.C. § 1441(a). "[Section 77v(a)] of the Securities Act of 1933 provides such an express exception to removal." *Luther*, 533 F.3d at 1034. The antiremoval provision of the Securities Act states: "No case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a) (1997). Furthermore, the Act allows for concurrent jurisdiction in a separate jurisdictional provision: "The district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter . . . concurrent with State and Territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter." *Id*.

Defendants rely on the Securities Litigations Uniform Standards Act (SLUSA), which amended the above provision of the Securities Act, § 77v(a), in 1998. The section now states:

> The district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter . . . concurrent with State and Territorial courts, *except as provided in section 77p of this title with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. . . . *Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States*.

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03964-SVW-SS | Date | August 17, 2017 |
|---|---|---|---|
| Title | Bucks County Employees Retirement Fund v. Nanthealth, Inc. et al | | |

15 U.S.C. § 77v(a) (emphases added).

Accordingly, § 77p(c) is titled "Removal of covered class actions." The provision states "Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b)." Finally, § 77p(b) states:

> No covered class action *based upon the statutory or common law* of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—
>
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C § 77p(b) (emphasis added).

SLUSA also defined "covered class actions" in another section of the statute as including "any single lawsuit in which . . . damages are sought on behalf of more than 50 persons or prospective class members, . . . [or] one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated." 15 U.S.C. § 77p(f)(2)(A)(i).

III. **Discussion**

Plaintiffs and Defendants disagree about whether the provisions cited above prohibit the removal of securities fraud class actions that do not raise any state law claims. The plain language of the statute as well as the dominant view of courts around the country support the Plaintiff.

Under the plain language of the statute, the exception to § 77v(a)'s antiremoval provision only applies to "covered class action[s] . . . as set forth in subsection (b). 15 U.S.C. § 77p(c). Subsection (b) only covers class actions "based upon the statutory or common law of any State." *Id.* Here, the

  :  
Initials of Preparer  
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03964-SVW-SS | Date | August 17, 2017 |
|---|---|---|---|
| Title | *Bucks County Employees Retirement Fund v. Nanthealth, Inc. et al* | | |

Plaintiff's claims only include claims under the federal Securities Act. The complaint lacks any claims under state law. Thus, the exception does not apply. The plain language of the statute prevents Defendants from removing the suit to federal court.

As noted above, the Court's interpretation is in line with the dominant view of district courts around the country. This includes over 20 district court judges in the Ninth Circuit alone, with zero rulings to the contrary. *See, e.g., Book v. Pronai Therapeutics, Inc.*, 2017 U.S. Dist. LEXIS 90061 (N.D. Cal. June 12, 2017) (granting remand); *Rivera v. Fitbit, Inc.*, 2016 WL 4013504 (N.D. Cal. July 27, 2016) (Illston, J.) (granting remand); *Elec. Workers Local #357 Pension & Health & Wellness Trusts v. Clovis Oncology, Inc.*, 2016 U.S. Dist. LEXIS 60086, at *9 (N.D. Cal. May 5, 2016), (Chen, J.) (same); *Desmarais v. Johnson*, 2013 U.S. Dist. LEXIS 153165, at *8-*9 (N.D. Cal. Oct. 22, 2013).

Although Defendants cite to *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009), the analysis of *Knox* has been rejected time and time again. *In Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1033 (9th Cir. 2008), the Ninth Circuit specifically noted that § 77v(a)'s provisions forbid " the removal of cases brought in state court and asserting claims under the Act." Thus, the plaintiff's "state court class action alleging only violations of the Securities Act of 1933 was not removable." *Id.* at 1034. Furthermore, the logic of *Knox* is entirely contrary to the statutory text of the Securities Act. Any other interpretation makes the "as set forth in subsection (b)" clause meaningless. *Niitsoo v. Alpha Nat. Res., Inc.*, 902 F. Supp. 2d 797, 802 (S.D. W. Va. 2012). While this reading may still lead to some inconsistencies, those inconsistencies are easier to explain than Defendants' interpretation of the statute.[1]

---

[1] This Court's interpretation does create an inconsistency between 77p(c) and § 77v(a). Under the amended provision of § 77v(a), concurrent jurisdiction over federal securities actions "under this subchapter" still exists, except those described in § 77p. But no part of § 77p actually considers federal securities class actions, so § 77v(a) is inconsistent with § 77p(c). As other courts have noted:

> [T]hese inconsistencies only exist because references to "this subchapter" were left in § 77v(a) after the SLUSA amendments. Otherwise, the amendments make perfect sense when read together—there is concurrent jurisdiction over all securities claims except those defined in §§ 77p(b-c), which no court can hear, and which are removable to federal court to ensure their dismissal. Given that the "arising under this subchapter" language predated SLUSA's addition of provisions relating to state law claims by more than sixty years, I have no problem treating those references as unintentional and superfluous. Congress's failure to excise those words was inadvertent.

*Niitsoo v. Alpha Nat. Res., Inc.,* 902 F. Supp. 2d 797, 805 (S.D. W. Va. 2012).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03964-SVW-SS | Date | August 17, 2017 |
|---|---|---|---|
| Title | *Bucks County Employees Retirement Fund v. Nanthealth, Inc. et al* | | |

IV. **Conclusion**

    For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand. The Court lacks jurisdiction to hear these claims and cannot grant a motion to stay when it lacks the jurisdiction to do so. Furthermore, even if there is a contrary decision by the Supreme Court in *Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund*, No. 15-1439 (U.S. May 23, 2017), Defendants have an adequate remedy. The Ninth Circuit allows Defendants to remove a case again within thirty days of an affirmative Supreme Court decision. *See Rea v. Michaels Stores Inc.,* 742 F.3d 1234, 1238 (9th Cir. 2014). Therefore, the Court denies Defendants request to stay the case and GRANTS Plaintiff's request for a remand to the Los Angeles Superior Court.

                                                                                                                                                              :

Initials of Preparer         PMC